UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

PAUL KALLOK and
SHANA KALLOK,

                    Plaintiffs,

      v.

WING ENTERPRISES, INC. t/d/b/a
LITTLE GIANT LADDER
SYSTEMS,

                    Defendant.

Civil Action No. __2:21-cv-805__

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiffs

Counsel of Record for this Party:

George M. Kontos, Esquire
PA ID #62712
gkontos@kontosmengine.com

Christopher C. Inman, Esquire
PA ID #321984
cinman@kontosmengine.com

KONTOS MENGINE KILLION & HASSEN
603 Stanwix Street
Two Gateway Center, Suite 1228
Pittsburgh, PA 15222
(412) 709-6162

**JURY TRIAL DEMANDED**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

PAUL KALLOK and
SHANA KALLOK,

                Plaintiff,

                                      Civil Action No. _____

      v.

WING ENTERPRISES, INC. t/d/b/a
LITTLE GIANT LADDER
SYSTEMS,

                Defendant.

## **COMPLAINT**

       AND NOW, comes the Plaintiffs, Paul Kallok and Shana Kallok, by and through their attorneys, George M. Kontos, Esquire, Christopher C. Inman, Esquire, and Kontos, Mengine, Killion & Hassen, and files the within Complaint and in support thereof avers the following:

### **PARTIES**

       1.     The Plaintiff, Paul Kallok, is an adult individual and resident of the Commonwealth of Pennsylvania with an address at 105 Joseph Street, Connellsville, PA 15425.

       2.     The Plaintiff, Shana Kallok, is an adult individual and resident of the Commonwealth of Pennsylvania with an address at 105 Joseph Street, Connellsville, PA 15425.

       3.     The Defendant, Wing Enterprises, Inc. is a Utah corporation with its principal place of business in Springville, Utah.  Wing Enterprises, Inc. does business as "Little Giant Ladder Systems" ("Little Giant"), and is a company engaged in the business of manufacturing and selling ladders, and which has its corporate office located at 1198 North Spring Creek Place, Springville, Utah 84663.

## JURISDICTION AND VENUE

4.      Jurisdiction and venue are proper under 28 U.S.C. §1332(a)(1) because: (i) the matter in controversy exceeds $75,000, exclusive of interest and costs; (ii) complete diversity of citizenship exists between Plaintiffs and the Defendant; and (iii) some or all of the actions and/or inactions giving rise to the losses/damages at issue occurred within the District and Division over which this Court presides.

5.      At all times relevant hereto, Defendant engaged in the distribution and sale of products in the Commonwealth of Pennsylvania, directly marked and sold the defective ladder which is at issue in this action in the Commonwealth of Pennsylvania, and conducted business in the Commonwealth of Pennsylvania.  Accordingly, this Court has personal jurisdiction over Defendant.

6.      Venue is proper in this District because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

## FACTS

7.      At all times herein, Defendant, Little Giant, manufactured, produced, marketed and/or distributed an M26 multi-use Type IA ladder marketed as the "Little Giant Ladder Systems 15426-001 M26 Velocity" (hereinafter referred to as the "Ladder") as well as a wall standoff attachment marketed as the "Little Giant 10111 Wing Span/Wall Standoff" (hereinafter referred to as the "Wall Standoff").

8.      Defendant sold the Ladder and Wall Standoff through various online retailers, such as Amazon.com, as well as directly to consumers through its website, www.Littlegiantladder.com.

9.      The Ladder has a central hinge that allows the hinge to rotate into a locked position to use it as either an A-frame or extension ladder.

3

10.     The Ladder is of aluminum construction, with the rungs on the fixed sections welded to the side rails. The first rung of each fixed section also has angled braces between the rung and the section side rail. Each end of a rung welded to the side rail is covered with a plastic cover.

11.     Plaintiff, Paul Kallok, purchased both the Ladder and the Wall Standoff online through www.amazon.com on October 18, 2018.  He purchased the Ladder for $259.98 and the Wall Standoff for $28.88 and such products were promptly delivered to Mr. Kallok in the mail.

12.     On December 30, 2019, Plaintiff, Paul Kallok was working as a subcontractor for Leaf Filter and installing gutter guards on a customer's home. Plaintiff attached the Wall Standoff to the first rung on one of the fixed sections of the Ladder. The Wall Standoff used an integral screw clamp that secured the Wall Standoff to the center of the ladder rung.

13.     Plaintiff then positioned the Ladder against the side of the house and climbed the Ladder to begin the installation of gutter guards on the second floor of the home.

14.     While Plaintiff was positioned near the eave of the second floor of the home, the ladder rung to which the Wall Standoff was attached separated from the side rails, causing the top of the ladder to rotate and fall toward the house.

15.     This movement caused Plaintiff to lose his balance and fall twenty feet to the ground below him. He landed on his right side on the concrete pavement located directly below the area where he was working.

16.     Plaintiff was acting with due care at the time of the incident and was unaware of the defects that made the ladder unsafe to use.

17.     The subject ladder's rungs and side rails were supposed to be properly welded in that the two metallic pieces, on each side, were to be sufficiently melted and joined together.

4

18.     At all times relevant and material hereto, the ladder was dangerous and defective in that the rung-to-side rail weld was insufficiently penetrated. Such insufficient penetration created a weaker connection between the two pieces which led to the failure of the joint and ultimately the failure of the ladder.

19.     Immediately after the incident, Plaintiff was transported via ambulance to UPMC Presby.

20.     As a result of the foregoing incident, Plaintiff sustained serious bodily injuries and damages, some of which may be permanent in nature.

21.     As a result of the Defendants' actions, as further delineated below, Plaintiff Paul Kallok sustained the following injuries:

        a.   Markedly comminuted and distracted fracture of the right patella;

        b.   Small joint effusion of the right knee;

        c.   Concussion;

        d.   Severely comminuted fracture of the right tibia;

        e.   Inversion deformity of the tibiotalar joint;

        f.   Mouth laceration;

        g.   Mouth swelling;

        h.   Facial contusion;

        i.   Chin pain;

        j.   Elbow laceration;

22.     As a result of the Defendants' actions, as further delineated below, Plaintiff Paul Kallok incurred the following damages:

        a.   He has suffered and will continue to suffer great pain, suffering, mental anguish, embarrassment, inconvenience and permanent disfigurement;

        b.   He has been deprived of the ordinary pleasures of life;

   c.   He had to undergo significant medical treatment, including major surgery, physical therapy and home health services;

   d.   He underwent surgery on his right patella and right tibia;

   e.   He has incurred substantial medical bills;

   f.   He has been unable to work;

   g.   He has suffered lost wages;

   h.   He will suffer future loss of earnings;

   i.   He has been unable to perform his normal daily activities;

   j.   He was forced to use a walker to ambulate;

   k.   He was and continues to be considered temporarily disabled;

   l.   He may need a knee replacement in the future;

   m.   He may be forced to change careers;

   n.   He was temporarily relegated to a wheelchair.

### COUNT I
### PAUL KALLOK –v– WING ENTERPRISES, INC. d/b/a
### LITTLE GIANT LADDER SYSTEMS
### (Strict Liability)

23.    The Plaintiffs hereby incorporate each of the preceding paragraphs of the within pleading as if each were set forth more fully herein.

24.    At all times relevant to this action, the Defendant was engaged in the business of manufacturing, designing, selling, assembling, and/or supplying the Ladder and Wall Standoff and was a seller or manufacturer as defined by the Restatement Second Torts §402(A) as adopted by the Supreme Court of Pennsylvania.

25.    Defendant designed, manufactured and placed into commerce the Ladder and Wall Standoff that was sold to Plaintiff.

26.    The Ladder at issue reached Plaintiff, a user and consumer, without any substantial changes in its condition from the time it was sold and/or manufactured by Defendant and was not modified or changed before, during and after the time Plaintiff received it.

27.    At the time it reached Plaintiff, the Ladder was unreasonably dangerous to the ultimate user or consumer taking into consideration the use for which it was intended and the risk involved.  Specifically, the Ladder rungs were improperly welded.  As a result, the Ladder failed to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by Defendant.

28.    All of the resultant losses, damages, and injuries sustained by Plaintiff resulted directly and proximately from the conduct of the Defendant subjecting it to strict liability in tort in the following particulars:

a.    In selling a ladder with inferior strength rung-to-side rail welds;

b.    In failing to warn the Plaintiff that the ladder had inferior strength rung-to-side rail welding;

c.    In failing to properly test and/or inspect the ladder to insure it worked properly prior to sale;

d.    Designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

e.    Designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous to the user;

f.    In failing to investigate, retain and analyze prior accident information regarding the ladder;

g.    In failing to properly and safely manufacture, assemble, and weld the ladder;

h.    In allowing said ladder to exist in a defective and unreasonably dangerous condition because of unsafe and improper welding;

      i.        In failing to sufficiently penetrate the weld into the wall of the rung of the ladder;

      j.        In that the ladder contained latent and/or hidden defects in the welding of the rung and side rail;

      k.        In that the ladder was insufficiently durable to meet reasonable consumer expectations for a ladder;

      l.        In that the ladder incorporated rungs and side rails which were subject to failure as a result of stress and/or pressure;

      m.        In that the ladder was more dangerous, and more likely to fail than the ordinary consumer would reasonably expect;

      n.        In failing to manufacture/weld the rung-to-side rails of the ladder to hold the weight of the Plaintiff;

      o.        In failing to manufacture/weld the rung-to-side rails of the ladder within the accepted industry standards so that the ladder would hold the weight of the Plaintiff;

      p.        In failing to heat treat and/or properly heat treat the ladder so that the ladder would hold the weight of the Plaintiff.

29.    Defendant was aware or, through the exercise of reasonable diligence, should have been aware, of the above-described defects but continued to sell the Ladder and Wall Standoff.

30.    Plaintiff has sustained the injuries described above as a result of the manufacturing defects, designed defects, and failure to warn.

31.    Plaintiff has sustained the damages described above as a result of these manufacturing defects, design defects, and failure to warn.

## <u>COUNT II</u>
### PAUL KALLOK –v– WING ENTERPRISES, INC. d/b/a
### LITTLE GIANT LADDER SYSTEMS
### (Negligence)

32.    The Plaintiff hereby incorporates each of the preceding paragraphs of the within pleading as if each were set forth more fully herein.

33.     Defendant, as the designer, manufacturer, distributor and seller of the Ladder and Wall Standoff, owed Plaintiff and other consumers the duty to exercise reasonable care in the design, manufacture, distribution and sale of the Ladder and Wall Standoff and to ensure that the Ladder was safe for use by its intended users and those persons who may foreseeably come into close proximity to it, such as Plaintiff.

34.     At all times material hereto, Defendant failed to exercise reasonable care under the circumstances in manufacturing and designing the product, including not properly considering or addressing the improper rung welding that caused the Ladder to collapse.

35.     All of the resultant losses, injuries and damages sustained by the Plaintiff, Paul Kallok, resulted directly and proximately from the reckless, and/or negligent conduct of the Defendant, in the following particulars:

    a.     In negligently manufacturing the above-referenced ladder with insufficient strength to withstand ordinary use;

    b.     In negligently welding the ladder with insufficient penetration of the rung-to-side rail joints;

    c.     In negligently manufacturing the ladder;

    d.     In failing to manufacture/weld the rung-to-side rails of the ladder to hold the weight of Plaintiff;

    e.     In failing to manufacture/weld the rung-to-side rails of the ladder within the accepted industry standards so that the ladder would hold the weight of Plaintiff;

    f.     In failing to heat treat and/or properly heat treat the ladder so that the ladder would hold the weight of Plaintiff;

    g.     In failing to provide, establish or follow proper and adequate quality control methods in the manufacturing of the ladder so as to provide a safe product;

    h.     In negligently failing to discover the presence of latent defects in the welding of the rung-to-side rails of the ladder;

i.      In failing to conduct timely and reasonable inspections of the ladder in the course of the manufacturing process;

j.      In selling a ladder with inferior strength rung-to-side rail welding;

k.      In failing to warn Plaintiff of the inferior strength rung-to-side rail welding on the ladder;

l.      In failing to remove a defective ladder from its inventory;

m.      In failing to properly test and/or inspect the ladder to insure its proper working prior to sale;

n.      In failing to have a quality control procedure in place to inspect and remove from inventory any equipment that appeared damaged and unsafe to use and operate;

o.      In failing to discover that the wall of the rung was insufficiently penetrated during the welding of the ladder; and

p.      In failing to provide and maintain a safe and defect-free ladder.

36.     Plaintiff was unaware and had no reason to be aware of the fact that the Ladder was defective and dangerous, nor were the defects in the Ladder – and specifically, the rung welding – apparent by reasonable inspection.

37.     As a direct and proximate result of the conduct of the Defendant, Plaintiff suffered the injuries set forth in aforementioned paragraphs.

38.     As a result of the above injuries, Plaintiff sustained the damages set forth in the aforementioned paragraphs.

## COUNT III
### PAUL KALLOK –v– WING ENTERPRISES, INC. d/b/a
### LITTLE GIANT LADDER SYSTEMS
### (Breach of Warranty)

39.     The Plaintiff hereby incorporates each of the preceding paragraphs of the within pleading as if each were set forth more fully herein.

40.     At the time that the product was sold, Defendant, Little Giant Ladder Systems, was in the business of manufacturing and marketing the Ladder and Wall Standoff, and was,

with respect to these products, a "merchant" within the meaning of Article 2 of the

Pennsylvania Uniform Commercial Code.

41.    All of the resultant losses, damages and injuries sustained by Plaintiff resulted

directly and proximately from the Defendant's breach of express and implied warranties of

merchantability in the following particulars:

a.    Defendant knew or should have known that those using the subject ladder, including Plaintiff, would be relying upon Defendant's respective skill and judgement in furnishing, supplying, and providing a suitable and safe product that was fit for its particular purpose and which was of merchantable quality;

b.    In selling the subject ladder to Plaintiff, Defendant warranted the subject ladder was in a safe condition and safe to use

c.    Defendant knew or should have known that the welding of the ladders rung-to-side rails was defective and likely to cause damage to users;

d.    The ladder was not properly and adequately tested and inspected by Defendant in order to provide a safe product, free from hazards;

e.    In expressly or impliedly warranting that the ladder was properly and/or adequately tested and inspected when the same was not true;

f.    In expressly or impliedly warranting that the ladder was safe for its use and/or ordinary purpose;

g.    In expressly or impliedly warranting that the ladder was safe for use and in compliance with the safety standards of the industry and/or in compliance with industry customs; and

h.    The ladder was not fit for the ordinary purpose for which such ladder was to be used.

42.    As a direct and proximate result of the conduct of the Defendant, Plaintiff

suffered the injuries set forth in aforementioned paragraphs.

43.    As a result of the above injuries, Plaintiff sustained the damages set forth in the

aforementioned paragraphs.

**COUNT IV**
**SHANA KALLOK –v– WING ENTERPRISES, INC. d/b/a**
**LITTLE GIANT LADDER SYSTEMS**
**(Loss of Consortium)**

44.     All preceding paragraphs are incorporated herein by reference.

45.     Plaintiff, Shana Kallok, is the wife of Plaintiff, Paul Kallok, who has been injured by Defendant's negligence as set forth in the preceding counts.

46.     As the direct result of the above-described negligence of Defendant and resultant injuries to her husband, Shana Kallok has suffered the loss of the care, comfort, companionship, support and consortium of her husband.

**PRAYER FOR RELIEF/REQUEST FOR REMEDIES**

WHEREFORE, Plaintiffs demand judgement against the Defendant in an amount in excess of $75,000 sufficient to compensate Plaintiffs for their injuries and damages suffered and against Defendant for interest, court costs, and for such further legal and equitable relief to which these Plaintiffs shall be entitled.

Respectfully Submitted,

KONTOS MENGINE KILLION & HASSEN

_s/ Christopher C. Inman_____
Christopher C. Inman, Esquire
PA ID #321984

KONTOS MENGINE KILLION & HASSEN
Two Gateway Center
603 Stanwix Street, Suite 1228
Pittsburgh, PA 15219
(412) 709-6162
(412) 904-3820
cinman@kontosmengine.com

## JURY TRIAL DEMANDED

The Plaintiffs demand a trial by jury in the within cause of action

Respectfully Submitted,

Kontos Mengine Killion & Hassen


_ s/ *Christopher C. Inman*_____
Christopher C. Inman, Esquire
PA ID #321984

## **CERTIFICATE OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: <u>Kontos Mengine Killion & Hassen</u>

Signature: _____

Name: <u>CHRISTOPHER C. INMAN</u>

Attorney No.: <u>  321984  </u>